## No. 527
## GILBERT v. DURLIST

Ohio Appeals, Sixth District, Wood County
No. 293. Decided June 11, 1923

This opinion has not been published except in Abstract.

WILLS—(1) Finding the testator was sane, not against weight of evidence—(2) Opinion evidence of non-expert witnesses, held admissible—(3) Validity of will where testator has no property at time will was made.

CHITTENDEN, J.

### Epitomized Opinion

This was an action to contest the validity of a will of one Edward Gilbert, deceased. The deceased left surviving him a widow, a son and a daughter. This action was brought by the son upon the ground that the testator was of unsound mind when he made the will and was executed under duress. The will was executed in Cleveland in April, 1919, and the deceased died in November of the same year. The evidence disclosed that after Gilbert had become very sick he sent for his daughter to come to Cleveland. This she did, and finally found it necessary to make arrangements to remove him to her home in the country. Before leaving Cleveland, Gilbert sent for a lawyer and willed all his property to his daughter, and also executed a quit claim deed to her for the same. Gilbert was separated from his wife at the time, and had entered into a separation agreement with her whereby he had deeded to her certain property. The evidence was in conflict as to the mental incapacity of the testator. The jury returned a verdict in favor of the daughter, thereby sustaining the will. The s       the eupon prosecuted error from the Common Pleas Court at Bowling Green. In sustaining the judgment of Judge McClelland of the Wood County Common Pleas, the Court of Appeals held:

1. It cannot be said that the finding of the jury that the testator was sane at the time he made the will was manifestly against the weight of evidence.

2. In the contest of a will where the mental capacity of the testator is involved non-expert witnesses may testify as to observations and conversations had with the testator, and express an opinion as to his mental capacity based upon those observations or conversations.

3. Although a testator may have no property at the time a will is executed, the will is not invalid because of this fact alone, as the testator may acquire other property prior to his death upon which the will could operate.

Attorneys—Riegle & Avery, for Gilbert; S. W. Bowman, for Durlist.

## No. 528
## SHAFFER v. CARR et al

Ohio Appeals, Sixth District, Wood County
No. 289 . Decided June 18, 1923

This opinion has not been published except in Abstract.

PLEADINGS—(1) The power of court to make petition more definite and certain is discretionary.

KINKADE, J.

### Epitomized Opinion

Plaintiff filed a petition consisting of four lines and four words in each of the above cases. The petitions were as follows:

"On the 19th day of June, 1922, at the home of plaintiff, about two miles west of Bowling Green, Wood county, Ohio, the defendants herein assaulted and beat the plaintiff to his damage in the sum of $5,000 00, for which he asks judgment."

The defendants filed a motion to make more definite and certain, which was sustained by Common Pleas Judge E. G. McClelland of Bowling Green. The plaintiff refused to do so, whereupon the court dismissed the case. The plaintiff prosecuted error, claiming that he had stated a good cause of action and thereupon was not within the power of the trial court to require him to state anything in addition. In sustaining the judgment of the lower court, the Court of Appeals held:

1. While the petition was good as against demurrer, yet it was within the discretion of the trial court to require the plaintiff to make his petition more definite and certain, and it cannot be said by a reviewing court that there was an abuse of discretion by the trial court in requiring the plaintiff to do so.

Attorneys—Benjamin James, for Shaffer; Riegle & Avery, for Carr.

## No. 529
## GOODELL v. HANLEY

Ohio Appeals, Sixth District, Wood County
No. 286. Decided June 11, 1923

This opinion has not been published except in Abstract

LAND CONTRACTS—(1) Finding of jury that defendant was unable to convey land, not manifestly against weight of evidence.

KINKADE, J.

### Epitomized Opinion

Hanley brought an action against Goodell in the Common Pleas Court of Wood county to recover $2,000 paid under a land contract together with interest. The plaintiff claimed that he was induced to make the cash payment by Goodell when informed by him that he had complete power to convey the property and to give a good title to the same. He claimed that these statements were false and that Goodell knew that they were fales at the time. The land contract was made in August, 1920, and in addition to the $2,000 down payment another payment of $3,000 was to be made on December 1, 1920. The contract provided for the completion of the transaction and conveyance of the property on March 1, 1921. The agreement also provided that if the $3,000 payment was not made the amounts paid prior thereto were to be considered as liquidated damages and should be retained by Goodell as such. Hanley claimed that he did not pay this $3,000 due in December for the reason that he became advised prior to this date that Goodell did not have good title to the property. The evidence disclosed that Goodell had entered into a land contract with the true owner of the property in November, 1919, for the purchase of the property in question. Under the terms of this contract the property was to be turned over to Goodell by the owner on April 1, 1921, upon the payment of certain sums of money. The case was tried before Judge E. G. McClelland of Bowling Green, Ohio, and the jury returned a verdict in favor of Hanley for $2,000. The defendant prosecuted error. In affirming the judgment of the lower court, the Court of Appeals held:

1. As the jury may well have found from the evidence that Goodell was unable to carry out his contract prior to April 1, 1921, it cannot be said as a matter of law that the verdict was manifestly against the weight of evidence.

Attorneys—Ladd, James & Ladd, for Goodell; Fries & Hatfield, for Hanley.